UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

LUTI F.,

               Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

Case No. 3:25-cv-05580-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

…

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and] disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

1

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff filed applications for DIB and SSI on September 13, 2021. AR ("Administrative Record") 17. The alleged date of onset is October 31, 2018, and his date last insured was December 31, 2023. AR 19. Both applications were denied initially and on reconsideration, and hearing was held before ALJ ("Administrative Law Judge") Joseph R. Doyle. AR 16-32. ALJ Doyle found plaintiff not disabled. *Id*. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-4.

ALJ Doyle found plaintiff to have the following severe impairments: cervical and lumbar degenerative disc disease; right knee degenerative joint disease; and hypertension. AR19. As a result, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) such that he can

> only occasionally climb; can frequently stoop, kneel, crouch, and crawl; and can have only occasional exposure to extreme cold, vibration, and hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles, and exposure to unprotected heights.

AR 22.

The ALJ determined at step four that plaintiff can perform past relevant work; and in the alternative, the ALJ found at step five that plaintiff can perform other work as a meat clerk, warehouse worker, or coffee maker. AR 30-31.

DISCUSSION

**1. Plaintiff's statements regarding subjective symptoms**

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discounting his allegations regarding disabling back, neck, hip, knee, and headache pain. Dkt. 9 at 4. Plaintiff contends the ALJ only discussed and cited medical evidence, and this general conclusion was not sufficiently clear to reject plaintiff's testimony under *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015) and *Ferguson v. O'Malley*, 95 F.4th 1194 (9th Cir. 2024). *Id*. at 6-7.

The Commissioner contends that the ALJ reasonably found plaintiff's allegations inconsistent with objective medical findings showing largely normal strength, gait, sensation, reflexes, coordination, and functional abilities. *See generally* Dkt. 11.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). The ALJ must consider a particular record of treatment in light of the overall diagnostic record, and not cherry-pick the medical records. *Ghanim v. Colvin,* 763 F.3d at 1164.

The ALJ summarized plaintiff's allegations and acknowledged that his medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 27. The ALJ then explained that plaintiff's allegations regarding the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence. AR 28.

The ALJ acknowledged abnormal findings, such as cervical and lumbar degenerative changes, lumbar tenderness, reduced lumbar range of motion, reduced hip and knee range of motion, positive tenderness findings, and some strength deficits noted during physical therapy. *Id*. In concluding that the overall record demonstrated greater functional capacity than plaintiff alleged, the ALJ reviewed the medical evidence and cited evidence, such as:

> no murmurs, rubs, or gallops, no edema, no back spasm or malalignment, equal and present pulses, no joint deformities, 5/5 strength in all muscle groups, the ability to grasp and open a medication bottle without difficulty, intact sensation, 2+ knee reflexes, the ability to get up and down from the examination table without difficulty, no difficulty with tandem walking, walking on heels, walking on toes, or finger-to-nose testing, normal gait

4

without use of an assistive device, negative straight leg raise, and normal range of motion throughout….

AR 27. The ALJ pointed to negative straight-leg-raise testing during multiple examinations, normal coordination and neurological findings, and repeated observations that plaintiff was in no acute distress and ambulated normally. *Id.*

The ALJ contrasted abnormal findings with numerous normal findings and concluded that the weight of the evidence did not support the degree of limitation alleged. AR 27-28. Plaintiff alleged limitations in lifting, standing, walking, and functioning due to pain, but repeated examinations documented normal strength, normal gait, intact neurological functioning, and largely preserved physical abilities. *See, e.g.*, AR 306, 310, 429, 434-5, 462, 477, 480, 484, 502, 506, 509, 520, 547, 552, 627, 647, 652, 655, 725, 748, 768, 790.

Under *Ferguson,* an ALJ may not reject symptom testimony merely because it is not fully corroborated by medical evidence. *Ferguson*, 95 F.4th at 1200. Here, the ALJ did not demand objective confirmation of every allegation; the ALJ found that plaintiff's allegations were inconsistent with specific findings documented throughout the record. AR 27. The Ninth Circuit has recognized that inconsistency with objective medical evidence remains a permissible basis for discounting subjective symptom testimony. *Carmickle,* 533 F.3d at 1161.

This case is also distinguishable from the facts in *Brown-Hunter*, where "the ALJ stated only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged.'" *Brown*, 806 F.3d at 492. The ALJ discussed plaintiff's allegations and then identified numerous examination findings that the ALJ

found inconsistent with the alleged degree of limitation. While the ALJ's explanation was not extensive, the Court "must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). The Court is able to reasonably discern the ALJ's reasoning.

Plaintiff points to other evidence supporting his allegations, including chronic pain complaints, physical therapy records, tenderness findings, reduced range of motion, positive straight-leg-raise testing on one occasion, and ongoing treatment. Dkt. 9 at 7-8. The existence of an alternative interpretation of the evidence does not show that the ALJ erred. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Because the record contains substantial evidence supporting the ALJ's finding that plaintiff's allegations were inconsistent with repeated normal clinical findings, the Court affirms the ALJ.

CONCLUSION

For these reasons, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 29th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge