UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUTI FUAMATU,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05580-TLF

ORDER DENYING MOTION TO AMEND JUDGMENT

The matter before the Court is plaintiff's Motion to Amend Judgment under Fed. R. Civ. P. 59(e). Dkt. 15. Plaintiff seeks reconsideration of the Court's June 29, 2026 Order affirming defendant's decision to deny plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Dkts. 13, 14. The Court **DENIES** plaintiff's motion because petitioner has failed to demonstrate clear error in the order affirming the Commissioner's decision.

**Background**

Plaintiff filed applications for DIB and SSI on September 13, 2021. Administrative Record ("AR") 17. Plaintiff alleged an onset date of October 31, 2018, and his date last insured was December 31, 2023. AR 19. Following denial of his applications initially and upon reconsideration, plaintiff appeared for a hearing before Administrative Law Judge ("ALJ") Joseph R. Doyle. AR 16-32. The ALJ found plaintiff not disabled. *Id.* The

Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-4.

The ALJ found that plaintiff had the severe impairments of cervical and lumbar degenerative disc disease, right knee degenerative joint disease, and hypertension. AR 19. The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with additional limitations. AR 22. The ALJ determined at step four that plaintiff could perform his past relevant work and, alternatively, could perform other work as a meat clerk, warehouse worker, or coffee maker. AR 30-31.

In its June 29, 2026 Order, the Court affirmed the ALJ's decision and concluded that "[b]ecause the record contains substantial evidence supporting the ALJ's finding that plaintiff's allegations were inconsistent with repeated normal clinical findings, the Court affirms the ALJ." Dkt. 13 at 6.

Plaintiff's Rule 59(e) motion asserts that "[t]he ALJ rejected Mr. Fuamatu's case based *solely* on objective medical evidence" and "[h]ere, aside from his statements about the objective medical findings, the ALJ did not offer any other specific, clear and convincing reasons for rejecting Plaintiff's testimony. Because the ALJ did not cite any specific reason other than objective findings to reject Plaintiff's testimony, the Court erred when it upheld the ALJ's decision on this basis." Dkt. 15 at 3,4. Plaintiff also contends "that the ALJ also erred when did not explain how the medical evidence he cited justified rejecting Plaintiff's testimony," and cites *Ortiz v. Bisignano*, 179 F.4th 691, 699 (9th Cir. 2026). Dkt. 15 at 4-5.

The Commissioner opposes the motion and argues that “the bulk of Plaintiff’s motion rehashes the same issues raised in his opening brief,” *Ortiz* is inapplicable because plaintiff never challenged the “ALJ’s finding that all the physicians who assessed Plaintiff’s functional capacity persuasively showed that he retained the capacity for medium exertion work despite his orthopedic impairments,” and the facts of this case are distinguishable because, unlike the plaintiff in *Ortiz,* “Plaintiff alleged that his conditions *did* affect his ability to do certain orthopedic movements like lift, squat, bend, stand, reach, walk, sit, kneel, and climb.” Dkt. 17 at 2-5.

**Discussion:**

**A. Rule 59(e) Standard**

“While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an ‘extraordinary remedy’” and “‘should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.’” *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted).

**B. The Court did not commit clear error in affirming the ALJ**

The ALJ’s determinations regarding a claimant’s statements about limitations “must be supported by specific, cogent reasons.” *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff’s credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff’s testimony regarding the

severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

While ALJs are not required to "perform a line-by-line exegesis," "'providing a summary of medical evidence ... is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1190, 1200 (9th Cir. 2024) (emphasis in original).

Plaintiff contends the Court committed clear error because the ALJ relied solely on objective medical evidence. Dkt. 15 at 3-5. The Court's June 29, 2026 Order addressed this argument and concluded that the ALJ did not merely rely on a lack of objective corroboration, but rather, the ALJ identified specific objective findings that were

inconsistent with the degree of functional limitation plaintiff alleged. Dkt. 13 at 4-6. Upon reconsideration, the Court reaches the same conclusion.

Plaintiff alleged significant limitations in lifting, standing, walking, and functioning because of pain. *See* Dkt. 13 at 5. Plaintiff testified that he was unable to work due to low back, neck, hip, knee, and head pain, explaining that his back pain could become "really bad." AR 48-49. He testified that he could lift a gallon of milk but not two gallons and that he had difficulty standing and walking, sometimes needing to lean on his wife when they were out. AR 49, 53. He stated that he did not help with household chores and that his neck pain extended into his shoulders and head, causing frequent headaches. AR 49–50. When experiencing pain, plaintiff testified that he would lie down to "try to take the pain away," doing so four to five times a day. AR 50. He further testified that pain interfered with his sleep and required him to sleep during the day, including taking naps lasting three to four hours, and that his fatigue limited his ability to perform activities such as lifting. AR 51. He also reported that arthritis made household chores difficult, that he could no longer participate in sports, and that although he attended church, he could not stand for very long because of back pain. AR 248, 250–51. Plaintiff reported that he could lift up to ten pounds and walk for approximately 15 to 20 minutes before needing a 15-to-20-minute break. AR 251.

The ALJ acknowledged that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 27. The ALJ found that plaintiff's allegations regarding the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence." AR 28.

The ALJ did not disregard the abnormal findings in the record. The ALJ acknowledged cervical and lumbar degenerative changes, lumbar tenderness, reduced lumbar range of motion, reduced hip and knee range of motion, positive tenderness findings, and some strength deficits noted during physical therapy. AR 27–28. The ALJ then considered those findings together with numerous normal examination findings.

For example, the ALJ noted repeated findings of normal motor strength and 5/5 strength in all muscle groups. AR 27–28. The record also repeatedly documented that plaintiff had no difficulty with tandem walking, walking on his heels, or walking on his toes and repeatedly demonstrated a normal gait and station. AR 306, 310, 429, 435, 462, 477, 480, 484, 502, 506, 509, 520, 547, 552, 627, 647, 652, 655, 725, 748, 768, 790.

The ALJ identified repeated examination findings concerning strength, gait, mobility, coordination, and other physical abilities that were inconsistent with the degree of limitation plaintiff alleged. *See* AR 27–28; *see also* AR 306, 310, 429, 434-35, 462, 477, 480, 484, 502, 506, 509, 520, 547, 552, 627, 647, 652, 655, 725, 748, 768, 790. The ALJ identified affirmative evidence that contradicted the extent of the functional limitations alleged.

As the Ninth Circuit explained in *Smartt,* an ALJ may consider objective medical evidence that is inconsistent with a claimant's subjective testimony, while distinguishing such evidence from a mere absence of objective corroboration. 53 F.4th at 498–500. (The Court notes that "Smartt is correct that an ALJ may not 'reject a claimant's subjective complaints based *solely* on a lack of medical evidence to *fully corroborate* the

alleged severity of pain.'" (citing *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2004) (emphases added)).

Plaintiff argues that the ALJ was required to identify additional reasons beyond the objective medical evidence. But where, as here, the ALJ identified objective findings that affirmatively contradicted the alleged functional limitations, objective medical evidence may constitute a legally sufficient basis for discounting subjective testimony. *Carmickle*, 533 F.3d at 1161; *Smartt*, 53 F.4th at 498-500.

The ALJ identified plaintiff's allegations concerning his functional limitations and then discussed specific examination findings concerning strength, gait, walking, mobility, and neurological functioning that were inconsistent with those allegations. AR 27–28. The Court could therefore reasonably discern the path from plaintiff's testimony to the medical findings and ultimately to the ALJ's conclusion that plaintiff's allegations were not entirely consistent with the medical evidence. Dkt. 13 at 5-6 (citing *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (the court must uphold an agency decision if its path may reasonably be discerned)).

Plaintiff also argues that the ALJ was required to consider the additional factors identified in 20 C.F.R. § 404.1529(c) and Social Security Ruling 16-3p before discounting his testimony. Those authorities require consideration of the record as a whole and prohibit an ALJ from disregarding a claimant's statements solely because objective medical evidence does not substantiate the alleged severity of symptoms. They do not, however, prohibit an ALJ from relying on objective medical evidence that affirmatively contradicts the claimant's alleged functional limitations.

Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim,* 763 F.3d at 1164. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Smartt* 53 F.4th at 499; *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Court considered whether the ALJ improperly cherry-picked the medical evidence. The ALJ acknowledged abnormal findings and then considered them against repeated normal findings documented throughout the record. AR 27–28. Plaintiff has not identified where the ALJ ignored or a treatment record that materially undermines the findings on which the ALJ relied.

Plaintiff's reliance on *Ortiz v. Bisignano*, 179 F.4th 691 (9th Cir. 2026), does not compel a different result. In *Ortiz*, the Ninth Circuit explained that "[n]ormal results of strength, gait, and range of motion tests, *without more*, do not contradict diagnoses based on pain where the results do not indicate whether the test accounted for the relevant pain." 179 F.4th at 699 (emphasis added). The Court further explained that "[t]he primary symptom of degenerative disc disease--a diagnosis that the ALJ recognized--is back pain, not abnormal gait, reduced strength, or limited range of motion." *Id.* at 700.

Plaintiff did not allege only the existence or severity of back pain, but alleged that his pain caused specific functional limitations, including an inability to lift more than a gallon of milk, difficulty standing and walking, and a need to lean on his wife while walking outside. AR 49-53. The ALJ relied on repeated findings concerning strength, gait, walking ability, mobility, and neurological functioning in assessing those specific

allegations. AR 27-28. The ALJ therefore adequately connected the evidence to the allegations at issue. *See also Smartt,* 53 F.4th at 499 (recognizing in a neck pain case that if the ALJ were not allowed to discount subjective statements based on objective findings then "an ALJ would be required in many cases to simply accept a claimant's subjective symptom testimony," thus "allowing a claimant's subjective evidence to effectively trump all other evidence in a case"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (in a degenerative disc disease case, citing approvingly the ALJ's reliance on objective exam findings to discount subjective pain complaints); *Flaten v. Sec'y of HHS,* 44 F.3d 1453, 1464 (9th Cir. 1995) (subjective pain complaints from degenerative disc disease were appropriately discounted in light of negative clinical findings).

**Conclusion**

The Court concludes that plaintiff has not shown that the Court committed clear error in its June 29, 2026 Order. The ALJ identified specific evidence that contradicted plaintiff's allegations concerning his functional limitations and the Court could adequately discern the connection between that evidence and the allegations, satisfying the substantial evidence and clear and convincing standards.

Dated this 9th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge